### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **EBONY BILLUPS** | § | **PLAINTIFF** |
| | § | |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25cv76-HSO-BWR** |
| | § | |
| | § | |
| **U.S. DEPARTMENT OF THE NAVY** | § | |
| **and JOHN AND JANE DOES 1-10** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION [14] FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTION [8] TO DISMISS

In this employment dispute, after Defendants U.S. Department of the Navy and John and Jane Does 1-10 filed a Motion [8] to Dismiss Plaintiff Ebony Billups' claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), *see* Mot. [8]; Mem. [9], she responded with a Motion [14] for Leave to File a Second Amended Complaint, which proposes to name as Defendants John Phelan, in his Official Capacity as Secretary of the U.S. Department of the Navy, and John and Jane Does 1-10, *see* Ex. [14-1].  The proposed Second Amended Complaint [14-1] would be futile, so Plaintiff's Motion [14] to Amend should be denied, and Defendants' Motion [8] to Dismiss should be granted.

## I.  BACKGROUND

Plaintiff Ebony Billups ("Plaintiff" or "Billups") "applied, interviewed, and was hired on March 28, 2022, as a Financial Management Analyst with Supervisor of Shipbuilding, Conversion and Repair – Gulf Coast in Pascagoula," which is "the

United States Navy's echelon III field activity that administers and manages

shipbuilding contracts with privately-owned shipyards located along the Gulf

Coast." Am. Compl. [6] at 2. After Plaintiff was injured in a car accident on

October 29, 2022, where she "suffered a fractured left hip, lumbar spine, cervical

spine, and had continued challenges with breathing," *id.*, she made a request to her

supervisor "for a reasonable accommodation on October 29, 2022, and October 31,

2022, to work remotely due to her disability," but her requests to telework were

denied, *id.* at 3. The Amended Complaint [6] alleges that Plaintiff's supervisors

spoke to and about her "in a demeaning and discriminatory manner," which was

"rooted in racist vestiges and stereotypes often used against minorities," and that

she was treated differently than other employees. *Id.* at 3-4.

Plaintiff filed a complaint of discrimination and hostile work environment

with the "Inspector General" ("IG") on November 21, 2022, and a Union grievance

against her supervisor on January 24, 2023. *Id.* at 4. She alleges that she was then

terminated on January 27, 2023, in retaliation for doing so, under the pretext of

poor performance. *Id.* at 4-5.

Plaintiff then brought suit in this Court against then Acting United States

Secretary of the Navy Terence Emmert ("Emmert"), in his official capacity, and

John and Jane Does 1-10, advancing claims for discrimination based on race by

creating a hostile work environment in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); failing to accommodate and

terminating her in violation of the Americans with Disabilities Act, 42 U.S.C.

§ 12101, *et seq.* (the "ADA"); and unlawful retaliation after she filed the IG complaint and Union grievance.  *See* Compl. [1] at 1, 4-5.  Plaintiff filed an Amended Complaint [6] as of right on June 28, 2025, naming as Defendants U.S. Department of the Navy and John and Jane Does 1-10 (collectively, "Defendants"). *See* Am. Compl. [6] at 1.  The Amended Complaint [6] contains the same claims as the original Complaint [1].  *See id.* at 5-6.

Defendants have filed a Motion [8] to Dismiss asserting lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), insufficient service of process under Rule 12(b)(5), and failure to state a claim under Rule 12(b)(6).  *See* Mot. [8]; Mem. [9].  Defendants contend that the U.S. Department of the Navy and John and Jane Does 1-10, are not proper Defendants because Plaintiff's claims must be brought against the department head, current Secretary of the Navy John Phelan ("Secretary Phelan"), and that the Amended Complaint [6] fails to state a claim against them.  *See* Mot. [9] at 7-8.  Defendants contend that the ADA claim should also be dismissed for lack of subject-matter jurisdiction because the ADA excludes the federal government from coverage, and it has not waived sovereign immunity, *see id.* at 8, and that Plaintiff's claims should also be dismissed for failure to exhaust administrative remedies, *see id.* at 9-13.  Finally, Defendants assert that Plaintiff has failed to effect proper service of process upon them, warranting dismissal.  *See id.* at 13-15.

Plaintiff has responded with a Motion [14] for Leave to File a Second Amended Compliant, seeking to name Secretary Phelan and John and Jane Does 1-

10 as Defendants.  *See* Mot. [14]; Ex. [14-1].  Defendants counter that the requested

amendment should be denied as futile because Plaintiff still has not exhausted her

administrative remedies.  *See* Resp. [17] at 6-16.

## II.  DISCUSSION

### A.    Defendants' Motion [8] to Dismiss

**1.    Lack of Subject-Matter Jurisdiction under Rule 12(b)(1)**

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter

jurisdiction when the court lacks the statutory or constitutional power to adjudicate

the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006,

1010 (5th Cir. 1998) (quotation omitted).  In resolving a motion to dismiss under

Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint

supplemented by the undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts.

*Robledo v. United States*, 147 F.4th 515, 519 (5th Cir. 2025).   As the party invoking

the Court's jurisdiction, the plaintiff "bears the burden of proof for a 12(b)(1) motion

to dismiss." *Inst. for Free Speech v. Johnson*, 148 F.4th 318, 326 (5th Cir. 2025)

(quotation omitted).   "When a Rule 12(b)(1) motion is filed with other Rule 12

motions, the court first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*,

79 F.4th 411, 415 (5th Cir. 2023).

**2.    Failure to State a Claim under Rule 12(b)(6)**

To withstand a Rule 12(b)(6) motion to dismiss, a pleading "must contain

sufficient factual matter, if accepted as true, to state a claim to relief that is

plausible on its face." *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021) (quotation omitted). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). While a court must "accept all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff," it need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quotations omitted).

A court generally limits its review on a Rule 12(b)(6) motion to the pleadings and any attachments thereto. *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023). But it "also may consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Id.* (quotation omitted).

3.    Analysis

Turning first to the Title VII claim in Count I, "[t]he statute requires that a Title VII suit against the federal government name as defendant 'the head of the department, agency, or unit, as appropriate . . . .'" *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 544 (5th Cir. 1992) (quoting 42 U.S.C. § 2000e-16(c)). As a federal employee, Billups was required to file suit against the head of the United

States department for which she worked, and "[s]ince she worked for the Navy, she was required to name the Secretary of the Navy." *Gardner v. Gartman*, 880 F.2d 797, 798 (4th Cir. 1989).   Because the Amended Complaint [6] does not name the Secretary as a Defendant, the Title VII claim should be dismissed without prejudice.  *See id.*; *see also, e.g., Quevedo v. Army & Air Force Exch. Serv.*, 234 F.3d 29 (5th Cir. 2000) (per curiam) (affirming dismissal without prejudice of action against Army Air Force Exchange Service and its commander because "the only proper party defendant in this action [was] the head of the Department of Defense, Secretary of Defense William S. Cohen").

Defendants argue that Plaintiff's ADA claim in Count II should be dismissed for lack of subject-matter jurisdiction because the federal government has not waived sovereign immunity.  *See* Mem. [9] at 6, 8.   They are correct.   The plain language of the ADA clearly excludes "the entire federal government" from its coverage.  *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003).   Because no such claim is permitted against these Defendants under the statute, the ADA claim in Count II should be dismissed without prejudice.  *See id.*; *Dixon v. Henderson*, 186 F. App'x 426, 430 (5th Cir. 2006).

Count III alleges that Defendants unlawfully retaliated against Plaintiff for engaging in protected activity after she filed the IG complaint and the Union grievance.  *See* Am. Compl. [6] at 5-6.  The pleadings do not specify under which statute this claim is brought, but read as a whole, the Amended Complaint [6]

appears to assert retaliation in violation of Title VII. *See id.*[1] But again, Defendants are not the proper parties against whom to bring a Title VII claim, so this claim should also be dismissed without prejudice. *See Gardner*, 880 F.2d at 79; *Quevedo*, 234 F.3d at 29.

B.      Plaintiff's Motion [14] for Leave to File Second Amended Complaint

1.      Relevant Legal Authority

Because Plaintiff has already amended her pleadings once as a matter of right, she may now only amend with the opposing party's written consent or leave of Court. *See* Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave when justice so requires," *id.*, which "evinces a bias in favor of granting leave to amend, unless there is a substantial reason to deny leave to amend," *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025) (per curiam) (quotation omitted). "Substantial reasons include repeated failure to cure deficiencies by amendments previously allowed and futility of amendment." *Id.* (quotations omitted). "Amending pleadings would be futile if the complaint as amended would be subject to dismissal." *Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 662 (5th Cir. 2025). For example, a requested amendment is futile "if the amended complaint would fail to state a claim upon which relief could be granted," *Doe 1*, 150 F.4th at 677 (quotation omitted), or would be subject to dismissal on the basis of sovereign immunity, *see Aldridge v. Mississippi Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021).

---

[1] To the extent this claim is brought under the ADA, it would fail for the same reason the ADA claim in Count II fails. *See Henrickson*, 327 F.3d at 447.

2.   Analysis

a.   Failure to Comply with the Court's Local Uniform Civil Rules

First, the Motion [14] to Amend violates the Court's Local Uniform Civil Rules in several respects and should be denied for this reason alone.  *See* Mot. [14]; L.U. Civ. R. 7(b).  "Other than discovery motions under Rule 37, a motion may not exceed four pages, excluding exhibits, may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority."  L.U. Civ. R. 7(b)(2)(B).  Plaintiff's Motion [14] stretches to eight pages and contains legal argument and citations to case law.  *See* Mot. [14].  In addition, "[a]t the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion."  L.U. Civ. R. 7(b)(4).  Plaintiff did not file the required memorandum in support of her Motion [14].  *See id.*

b.   Futility of Proposed Amendment

Even on the merits, the proposed Second Amended Complaint [14-1] is futile, justifying denial of the Motion [14].  *See* Mot. [14]; Ex. [14-1].   The proposed Second Amended Complaint [14-1] seeks to name Secretary Phelan and John and Jane Does 1-10 as Defendants and to advance claims for hostile work environment based on race in violation of Title VII, failure to accommodate and termination in violation of the Rehabilitation Act, and retaliation.  *See* Ex. [14-1] at 1, 5-6.

(1)   John and Jane Doe Defendants

Plaintiff has not addressed how the Doe Defendants would be proper parties

in this action.   *See* Mot. [14]; Ex. [14-1]; *see also, e.g., Honeycutt v. Long*, 861 F.2d

1346, 1349 (5th Cir. 1988) ("Under Title VII and the Rehabilitation Act the proper

defendant is 'the head of the department, agency, or unit, as appropriate.'" (quoting

42 U.S.C. § 2000e-16(c)) (citing 29 U.S.C. § 794a(a)(1))).   And in her Reply [18],

Plaintiff states that she "desires to remove John and Jane Does 1-10 from the style

of the case and as parties," Reply [18] at 3, mooting her request to name them as

Defendants in the proposed amendment, *see* Ex. [14-1].

(2)   Failure to Exhaust

Defendants further argue that Plaintiff has not exhausted her administrative

remedies, such that the requested amendment should be denied.   *See* Resp. [17].

The Court agrees; Plaintiff has not demonstrated that the claims in her proposed

Second Amended Complaint have been properly exhausted, rendering them futile.

*See Doe 1*, 150 F.4th at 677; *Clark*, 141 F.4th at 662.

A precondition for a federal employee to seek relief under either Title VII or

the Rehabilitation Act is that she "must exhaust their administrative remedies by

filing a charge of discrimination with the EEO division of their agency." *Pacheco v.*

*Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *see also, e.g., Ruiz v. Donahoe,* 569 F.

App'x 207, 211 (5th Cir. 2014).  A federal employee must "make timely contact with

an EEO counselor within 45 days of the 'matter alleged to be discriminatory,' as

required by 29 CFR § 1614.105(a)(1)." *Green v. Brennan*, 578 U.S. 547, 551 (2016)

(quoting 29 C.F.R. § 1614.105(a)(1)).   If the employee does not timely initiate

contact with the EEO officer, the employee has failed to exhaust her administrative

remedies.  *See Austin v. Potter*, 358 F. App'x 602, 606 (5th Cir. 2010).

In evaluating whether a claim has been exhausted, the Fifth Circuit

"interprets what is properly embraced in review of a Title-VII claim somewhat

broadly, not solely by the scope of the administrative charge itself, but by the scope

of the EEOC investigation which can reasonably be expected to grow out of the

charge of discrimination." *Pacheco*, 448 F.3d at 789 (quotation omitted); *see* 29

U.S.C. § 794a(a)(1).  "[T]he proper question is whether the charge has stated

sufficient facts to trigger an EEOC investigation . . . and to put an employer on

notice of the existence and nature of the charges against him." *Simmons-Myers v.*

*Caesars Ent. Corp.*, 515 F. App'x 269, 272-73 (5th Cir. 2013) (citing *Sanchez v.*

*Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970); *Manning v. Chevron*

*Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003)).  A court must "engage in fact-

intensive analysis of the statement given by the plaintiff in the administrative

charge, and look slightly beyond its four corners, to its substance rather than its

label." *Pacheco*, 448 F.3d at 789.  A consideration of the prima facie elements of the

claim in question is relevant to this analysis.  *See id.* at 791.  While the exhaustion

requirement is not jurisdictional, it is a precondition to filing suit.  *See Davenport v.*

*Edward D. Jones & Co., L.P.*, 891 F.3d 162, 169 (5th Cir. 2018).

In responding to Plaintiff's Motion [14] to Amend, Defendants have

submitted Plaintiff's EEO complaint, the agency's corrected notice of partial

dismissal and acknowledgement of claims forwarded for investigation, and

Plaintiff's response in opposition to the agency's motion for summary judgment in

the EEO proceeding.  *See* Ex. [17-1]; Ex. [17-2]; Ex. [17-3].[2]  Plaintiff's EEO charge

alleged that she experienced "bullying, harrassment [sic] (non-sexual), and hostile

work environment on the basis of physical disability," and she marked that the

"legally protected category [she] believe[d] was the reason" for the incidents was

"Physical."  Ex. [17-1] at 2.  Plaintiff did not mark any other boxes on the form,

including the ones for "Race" or "Color," even though the complaint form directed

her to "select all that apply."  *Id.*

The EEO proceeding investigated the following claims: (1) that Plaintiff was

"subjected to bullying, harassment (non-sexual), and a hostile work environment on

the basis of disability (physical – fractured spine, pain in lower hip, and shortness of

breath) and retaliation/reprisal (non-EEO activity – IG complaint" by Plaintiff's

"First Line Supervisor" in January 2023; and (2) that she was "subjected to

disparate treatment on the basis of disability (physical – fractured spine, pain in

lower hip, and shortness of breath)" when she was terminated on January 27, 2023.

Ex. [17-2] at 1-2.  Plaintiff's other charge, that she was "subjected to bullying,

harassment (non-sexual), and a hostile work environment on the basis of disability

---

[2] Defendants also attached the first two exhibits to their Motion [8] to Dismiss, and
Plaintiff argues that these documents should be excluded by the Court under Rule 12(d).
*See* Resp. [13] at 4.  The Court only considers them with respect to whether to allow an
amendment under Rule 15, not whether to dismiss under Rule 12(b)(6).  But even if the
Court considered them for the Rule 12(b)(6) determination, it need not convert Defendants'
Motion [8] to one for summary judgment because the Amended Complaint [6] and proposed
Second Amended Complaint [14-1] both reference the EEO complaint, and it is central to
her claims in the pleadings.  *See* Am. Compl. [6] at 2; Ex. [14-1] at 2.

(physical – fractured spine, pain in lower hip, and shortness of breath) and

retaliation/reprisal (non-EEO activity – IG complaint)" in October and November

2022, was dismissed "for untimely counselor contact" under 29 C.F.R.

§ 1614.105(a)(1) because she did not contact a counselor until more than 45 days

after these alleged incidents.  *Id.* at 2-3.

The proposed Second Amended Complaint [14-1] advances claims for hostile

work environment based on race in violation of Title VII (Count I), failing to

accommodate Plaintiff's disability and terminating her because of her

accommodation requests in violation of the Rehabilitation Act (Count II), and

retaliation when Plaintiff was terminated because she filed an IG complaint on

November 21, 2022, complaining of "the discrimination and hostile work

environment," and a Union grievance on January 24, 2023, which "complained of

mistreatment and bullying in the workplace" (Count III).  Ex. [14-1] at 4-5; *see id.* at

5-6.

> (a)   *Count I of the Proposed Second Amended Complaint—Title VII Race Discrimination*

The EEO charge and the statement of investigation made no mention of or

reference to race, only physical disability, so a Title VII claim for race

discrimination could not reasonably be expected to grow out of Plaintiff's charge.

*See* Ex. [17-1] at 2; Ex. [17-2] at 1-3; *Pacheco*, 448 F.3d at 789; *see also, e.g., Kerr v.*

*Smokeball Inc.*, No. 1:24-CV-00722-DAE, 2025 WL 1872640, at *4 (W.D. Tex. May

13, 2025), *report and recommendation adopted*, No. 1:24-CV-00722-DAE, 2025 WL

1605034 (W.D. Tex. June 6, 2025) ("Courts in the Fifth Circuit have held that

disability discrimination claims cannot reasonably be expected to grow out of other forms of alleged discrimination such as race, sex, or age when the plaintiff fails to allege disability discrimination in the charge." (collecting cases)); *Buckner v. W. Tallahatchie Sch. Dist.*, No. 3:23-CV-417-DMB-RP, 2024 WL 3763601, at *10 (N.D. Miss. Aug. 12, 2024) ("Because Buckner does not indicate his race or anything in his EEOC charge beyond the race of a co-worker, he fails to exhaust his race discrimination claim."). Plaintiff's EEO charge made no reference to race, and did not otherwise contain facts sufficient to trigger an EEO investigation into, or put the employer on notice of, the existence and nature of Plaintiff's race discrimination claim in the proposed Second Amended Complaint. So, Plaintiff did not exhaust her administrative remedies as to Count I of the proposed Second Amended Complaint [14-1], and the requested amendment would be futile in that respect. *See Davenport*, 891 F.3d at 169; *Pacheco*, 448 F.3d at 789; *Simmons-Myers*, 515 F. App'x at 272-73.

> (b)    *Count II of the Proposed Second Amended Complaint—Rehabilitation Act*

The Rehabilitation Act claim in Count II asserts that Defendants failed to accommodate Plaintiff's disability by not granting her requests of October 29, 2022, and October 31, 2022, "to work remotely due to her disability," Ex. [14-1] at 3; *see id.* at 6, and terminated her "within three months of her requests for a telework accommodation," *id.* at 6. During the EEO investigation, Plaintiff pointed to requests for accommodation and related denials that occurred from October 29, 2022, through December 7, 2022. *See* Ex. [17-2] at 2-3. These allegations were

13

dismissed as untimely for failing to initiate contact with a counselor within 45 days. *See id.* at 3. Because Plaintiff did not initiate contact with the EEO counselor until February 2, 2023, which was some 57 days after the last alleged denial, *see id.*; Ex. [17-1] at 2, the Court agrees, *see* 29 C.F.R. § 1614.105(a)(1).

These alleged failures to accommodate appear to be discrete acts which do not qualify as a continuing violation. *See id.*; *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 391 (5th Cir. 2005). According to the EEO charge, Plaintiff's initial contact with a counselor was on February 2, 2023, which was 57 days after the last alleged failure to accommodate occurred on December 7, 2022, *see* Ex. [17-1] at 2; Ex. [17-2] at 2-3, beyond the 45-day deadline to "initiate contact with a Counselor," 29 C.F.R. § 1614.105(a)(1); *see Green*, 578 U.S. at 551. Because Plaintiff did not timely initiate contact with the counselor on this claim, she failed to exhaust as to the failure-to-accommodate claims. *See Austin*, 358 F. App'x at 606.

Turning to Count II's proposed claim that Plaintiff was terminated based upon the earlier requests to accommodate, this claim was not identified in the EEO charge or investigated in the EEO proceeding. *See* Ex. [17-1]; Ex. [17-2]. Plaintiff's failure to reference this claim in her charge or allege any facts that would trigger an EEOC investigation into it renders the requested amendment futile as to that claim. *See Davenport*, 891 F.3d at 169; *Pacheco*, 448 F.3d at 789; *Simmons-Myers*, 515 F. App'x at 272-73.

14

(c)    *Count III of the Proposed Second Amended Complaint—Retaliation*

Finally, Plaintiff seeks to advance a retaliation claim based upon her

November 21, 2022, IG complaint of "the discrimination and hostile work

environment," and her January 24, 2023, Union grievance, which "complained of

mistreatment and bullying in the workplace." Ex. [14-1] at 4-5. As the Court has

already discussed, the EEO charge and investigation did not reference race, and it

is unclear from the record what the basis or bases of Plaintiff's retaliation,

discrimination, and hostile work environment claims to the IG and the Union were.

*See id.* To the extent her retaliation claim is based on a protected activity

concerning race under Title VII, Plaintiff failed to exhaust that claim for the

reasons the Court has previously stated in discussing the other Title VII claims.

*See* Sec. II.B.2.b.(2) of this Order.

To the extent the retaliation claim is based upon disability, Plaintiff has not

shown that she exhausted any retaliation claim under the Rehabilitation Act.

"Retaliation claims [under the Rehabilitation Act] are governed by the ADA's

standards . . . ." *Harmon v. Collier*, 158 F.4th 595, 608 (5th Cir. 2025). With only

circumstantial evidence of retaliation, a plaintiff must first make out a prima facie

case by showing "(1) engagement in protected activity, (2) an adverse employment

action, and (3) a causal connection between the two." *January v. City of Huntsville*,

74 F.4th 646, 653 (5th Cir. 2023).

First, when asked on the EEO charge "[w]hich legally protected category

below do you believe was the reason for the above incident(s)?," Plaintiff did not

mark "Reprisal for Protected EEO Activity." Ex. [17-1] at 2.   The only allegation

was that Plaintiff was "subjected to disparate treatment on the basis of disability

(physical – fractured spine, pain in lower hip, and shortness of breath)." Ex. [17-2]

at 2.   This is not sufficient to trigger an EEO investigation into, or place Plaintiff's

employer on notice of, any retaliation claim, and she did not exhaust her

administrative remedies as to this claim.  *See Davenport*, 891 F.3d at 169; *Pacheco*,

448 F.3d at 789; *Simmons-Myers*, 515 F. App'x at 272-73; *see also, e.g., Riggs v. DXP

Enters., Inc.*, No. 6:18-CV-00729, 2019 WL 5682897, at \*4 (W.D. La. Oct. 31, 2019)

("There are critical distinctions between disparate treatment and retaliation as

forms of discrimination."); *Thompson v. Cmty. Assistance Programs*, No. 15 C 2249,

2015 WL 5093784, at \*3 (N.D. Ill. Aug. 27, 2015) ("Complaining of disparate

treatment or wrongful discharge is insufficient to exhaust administrative remedies

as to retaliation or failure to accommodate claims").

The agency's corrected notice of partial dismissal and acknowledgement of

claims forwarded for investigation does reference charges of "retaliation/reprisal

(non-EEO activity – IG complaint)" based on actions taken by Plaintiff's First Line

Supervisor in January 2023, Ex. [17-2] at 1, and by the Former First Line

Supervisor and Second Line Supervisor taken between October 29 and December 7,

2022, *see id.* at 2-3.  The actions of Plaintiff's Former First Line Supervisor and

Second Line Supervisor were discrete acts occurring between October 29 through

December 7, 2022, and did not involve termination, which is the basis of Plaintiff's

proposed retaliation claim in the Second Amended Complaint [14-1].  *See id.*; Ex.

[14-1] at 6.  And because Plaintiff's initial contact with a counselor on February 2, 2023, was untimely, she did not exhaust this retaliation claim, and it would be futile.  *See* 29 C.F.R. § 1614.105(a)(1); Ex. [17-1] at 2; Ex. [17-2] at 2-3.

As for the January 2023 actions mentioned in the agency's corrected notice, Plaintiff alleges that the First Line Supervisor withheld information or provided incorrect information, denied certain requests, made accusations against Plaintiff, precluded her from early dismissal with other staff, and directed Plaintiff to work against her doctor's recommendation.  *See id.* at 1-2.  But none of this references Plaintiff's termination, which is the basis of her retaliation claim in the proposed Second Amended Complaint [14-1].  *See id.*; Ex. [14-1] at 6.   Nor is there any allegation in either Plaintiff's May 5, 2023, EEO charge [17-1] or the agency's July 28, 2023, corrected notice of partial dismissal and acknowledgement of claims for investigation that Plaintiff was terminated in retaliation for anything.  *See* Ex. [17-1]; Ex. [17-2].  In short, Plaintiff did not state sufficient facts to trigger an EEO investigation into, or put the employer on notice of, the existence and nature of any retaliation claim related to her termination based upon either the IG complaint or the Union grievance.  Plaintiff failed to exhaust that claim in proposed Count III. *See* Ex. [14-1] at 6; *Davenport*, 891 F.3d at 169; *Pacheco*, 448 F.3d at 789; *Simmons-Myers*, 515 F. App'x at 272-73.[3]

---

[3] The Court notes that, in opposition to a motion for summary judgment in the EEO proceeding, Plaintiff argued that the temporal proximity between the IG complaint and Union grievance and her termination created a genuine issue of material fact as to retaliation.  *See* Ex. [17-3] at 4.  But as Defendants point out, "she cites no authority for the proposition that identifying new claims in a response to a motion for summary judgment suffices."  Resp. [17] at 15.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Ebony Billups' Motion [14] for Leave to File Second Amended Complaint is **DENIED AS FUTILE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion [8] to Dismiss is **GRANTED**, and Plaintiff Ebony Billups' claims in the Amended Complaint [6] are **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of December, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
jCHIEF UNITED STATES DISTRICT JUDGE